UNITED STATES BANKRUPTCY COURT             FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

LANCE KEITH LEVENSTEIN             Chapter 13
           Case No. 07-22138
         Debtor.
---------------------------------------------------------X

## OPINION AND ORDER

The issue in this contested matter is whether the automatic stay, 11 U.S.C. § 362(a), applies to a state court foreclosure action where the property in question is titled solely in the name of the non-debtor spouse. On the facts presented here, I conclude that the automatic stay does apply.

This opinion is published because there does not appear to be a published decision on point in this Circuit.

The debtor filed his voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 16, 2007.

The chapter 13 trustee filed a motion to dismiss the case on March 21, 2007, on grounds that the debtor failed to timely file a plan, to commence proposed plan payments to the trustee, to provide the documentation required by the Bankruptcy Code, in particular, schedules and a statement of financial affairs, among other things, or to be examined at the scheduled 341(a) meeting of creditors. The debtor objected to the motion and in the meantime fulfilled these outstanding requirements. On April 10, 2007, a hearing was held at which the Court denied the trustee's motion to dismiss.

Prior to the commencement of this bankruptcy case, Mortgage Electronic Registration Systems Inc. ("MERS") initiated a foreclosure and sale action in the Supreme Court of the State of New York, County of Rockland (the "State Court"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. V. PIYANTE M. LEVENSTEIN, Index No. 1958/06, (the "Foreclosure Action"), against the debtor's wife. This non-debtor spouse purchased the property that was the subject of the State Court Action, 23 Oriole Street, Chestnut Ridge, New York 10977, (the "Oriole property"), during her marriage to the debtor. The debtor was not listed on the contract of sale at the request of the mortgagee bank because of his poor credit history, and in order to effectuate a timely closing of the sale the debtor's name had to be removed from the contract. Thus the Oriole property was titled only in the name of the non-debtor spouse. Nevertheless, it appears that the property was their marital property.

Both the debtor and his wife contributed monetarily to the mortgage payments on the Oriole property throughout their marriage. The debtor's only lapse in regular monthly payments occurred after the non-debtor spouse filed a divorce action in the State Court (the "Divorce

Action"), in January 2006, and at the same time attempted to preclude the debtor from using the marital residence by seeking an order of protection from that court. The State Court issued such an order and the debtor left the premises. In April 2006, however, the order was vacated for lack of merit. From the time the Divorce Action was filed through the April 2006 order, the non-debtor spouse abandoned the premises and ceased payment of any amounts due and owing on the property including mortgage payments.

In May 2006, MERS commenced the Foreclosure Action because it was not receiving any payment from either the debtor or his wife. On January 16, 2007, the debtor filed a motion to intervene in the Foreclosure Action, which was denied. On February 5, 2007, MERS was awarded a Judgment of Foreclosure and Sale on the Oriole property. Yet in the interim, the debtor returned to the premises and recommenced payment of the mortgage. The impending sale prompted the debtor to file for bankruptcy relief in this Court in an attempt to salvage his residence and the equity in it. Shortly after filing his petition, the debtor also filed his schedules that listed the Oriole property as an asset of the debtor. To date, the debtor continues to reside there, and to pay, on a monthly basis, amounts toward the mortgage against the property, the taxes due and owing, the insurance premiums, and the costs of maintenance and repair of the home.

On March 24, 2007, the debtor pro se filed the instant motion to stay foreclosure proceedings in State Court. MERS submitted papers in opposition to the debtor's motion to stay the State Court proceedings.

At the instance of MERS, the foreclosure sale of the Oriole property was held on April 5, 2007, seven weeks after the debtor filed his petition in this Court.

On April 26, 2007, a hearing was held at which this Court issued an oral ruling declaring the previously held foreclosure sale void because MERS violated 11 U.S.C. § 362(a)(3) of the Bankruptcy Code.

MERS had actual knowledge of the debtor's bankruptcy filing and his claimed interest in the property, but proceeded with the foreclosure sale without moving to lift the automatic stay because the property was titled only in the name of the debtor's wife.

Where the debtor claims an interest in property, the secured creditor may not make its own, unilateral determination of property rights after the debtor has invoked the jurisdiction of the Bankruptcy Court and with it the protection of the automatic stay. It is for the Bankruptcy Court, not the secured creditor, to determine whether the debtor has a sufficient interest in property to implicate the automatic stay, even if the debtor's claimed interest in property may turn out to be groundless. The secured creditor can protect its interests in the Bankruptcy Court by the simple expedient of a motion for relief from the automatic stay or other appropriate relief.

This debtor had an actual interest in property albeit an interest that had not yet been judicially determined by a court. The governing statute is Section 541(a) of the Bankruptcy Code, which provides:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
>>> (A) under the sole, equal, or joint management and control of the debtor; or
>>> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

Whether an interest of the debtor is a legal or equitable interest in property such that it is property of the estate under section 541 is determined by applicable state law. *Musso v. Ostashko*, 468 F.3d 99, 105 (2d Cir. 2006) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)).

The governing New York Law is Section 236 of the Domestic Relations Law. Section 236(B)(1)(c) defines "marital property" as follows:

> all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held, except as otherwise provided in agreement.

Section 236(B)(5)(a) provides that:

> [T]he court . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition in the final judgment.

The statute goes on in Section (B)(5)(c) to say that:

> Marital property shall be distributed equitably between the parties, considering the circumstances of the case and the respective parties.

Based on the foregoing, it is unquestionable that under the New York Domestic Relations Law, as of the petition date, the debtor had a marital interest in the Oriole property as defined by Section 236. This interest became property of his bankruptcy estate, and, along with the debtor's possessory interest in the Oriole property, was sufficient to invoke the protection of the automatic stay. *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303–04 (5th Cir. 2005) ("Regardless of whether the Eastland property is ultimately held to have been Mrs. Chesnut's separate property or the Chesnuts' community property, at the time that Brown foreclosed on the Eastland property, it was uncertain whether it was property of Mr. Chesnut's estate and, therefore, was arguable property . . . . Where seized property is arguable property, it is no answer for the creditor to defend foreclosure by claiming that the property was not properly covered by the stay.");

*see also Schmidt v. U.S. Marshall Serv.* (*In re Maria Villareal*), No. 06-70358, 2007 Bankr. LEXIS 463, at *1, *6 (Bankr. S.D. Tex. Feb. 8, 2007) ("When property is only *arguably* property of the estate, the automatic stay applies.") (emphasis supplied).

In the future this Court will sanction violations of the automatic stay such as that of the secured creditor here.

## ORDER

Upon the foregoing, it is hereby

**ORDERED** that the April 5, 2007 foreclosure sale at which MERS purchased 23 Oriole Street, Chestnut Ridge, NY 10977 is void. It is further

**ORDERED** that the State Court Foreclosure Action and Divorce Action are stayed under 11 U.S.C. § 362(a)(3) and shall remain subject to the automatic stay unless and until a party in interest seeks and obtains an order of this Court lifting the stay. It is further

**ORDERED** that MERS take whatever action is necessary to void the referee's deed, and counsel for MERS is ordered to serve and electronically file (with copy to chambers) an affidavit certifying compliance with this Order.

Dated: White Plains, New York
       June 4, 2007

/s/Adlai S. Hardin, Jr.
U.S.B.J.